Next case is Kendrick v. City of Johnston City Mr. Stewart, are you ready to proceed to counsel? Go ahead, please. Good morning. Briefly, before I start getting into what I believe are the two issues here, we have two separate scopes of review. First, we have a due process issue before it occurred before the Mayor and Commission, and that is de novo review. We also have a manifest way to the evidence issue, and that is reviewing the findings of fact of the Merrick Commission, whether or not there is evidence to the contrary that clearly shows that those findings of fact were against the manifest way to the evidence. First, I'll address the due process issue. In the decision issued by the Johnston City Board of Fire and Police Commission, I go back and forth referring to it as a commission or a board, it's the same thing. They stated that Officer Kendrick was guilty of violations of the general order manual, section 2357, subsection E, which is failure to obey laws, and subsection F, knowingly making a false statement in a hearing. Now, when you look through the record of that hearing, the evidence that was submitted, the testimony that was given, nowhere in the record is there any mention of general order 2357. They never submitted it into evidence. The first time that that general order is even referenced is in the decision, in the findings of fact. Now, article 8, section 8 of the Merrick, of the Board of Fire and Police Commission's own rule, state that the board must base this decision solely on the evidence presented at the hearing. And under administrative review, once the record is submitted, there can be no addition. So what you have here is a board that violated its own rules and considered evidence that was outside of what was presented at the hearing. Now, as far as due process, what this case really comes down to is that there was a disagreement over how the board sees their job as a mayor board and how the city sees their job as a mayor board. And that was put into evidence. There was newspaper articles that were submitted as evidence of things the mayor had said in public. There was also evidence of what he had said at a city council meeting. You would see Officer Kendrick fired once he got his new board in. Kendrick had been before the board on several five-day suspensions prior to the hearing. It occurred in September of 2007. Those charges were all dismissed. They were dismissed by the old board. A new board comes in, fires Kendrick. Now, as for the manifest way to be evidence, it's clear that the decision is against the manifest way to be evidence if a clearly opposite conclusion is evident. What Officer Kendrick was charged with, and this is in the record, it's the findings of fact of the commission, was that he testified falsely with respect to that he had not been disciplined in the past. Those were the charges that were issued by the chief. Now, that is, and they were based upon at the hearing, the city based its argument upon, about a page of the transcript, between pages 24 and 25, that Kendrick testified. The board ruled that Tony Kendrick testified that he had only one disciplinary action taken, and their words were, as of February 8th of 2007. If you read the transcript that they based their decision on, that is not what he said. What Officer Kendrick was asked by counsel was if he had any disciplines since his discipline, his 30-day suspension, and his answer to that was no. Well, the first question was, in the last five years. Right. He said one. I don't know if he mentions. He said one. Right. Was that true? There was a letter of reverend, but that is not what the board's findings of fact were. Okay, so I guess the question is, had he been disciplined twice during the five years preceding the scandal? I believe so, yes. And he answered one. And he answered one. But the board based its finding of fact that he had testified that he had only had the one disciplinary action as of, and they based that decision on the transcript that said he hadn't been disciplined since then. Now, as to that letter of reverend that occurred, that was issued on September 17th of 2002, what Kendrick's testimony was at the hearing was that he did not recall receiving that discipline, but he had seen it. Now, they made their decision based upon that portion that Kendrick had seen it as of the February 8th, 2007 hearing. If you read the record, that's not what's in there. What is in there is that he had seen it, but there's no reference to when he had seen it. They made an assumption that he had seen it beforehand. There's no doubt that, I take it, without having reviewed the whole transcript, I reviewed what each of you put in your briefs, that he was never asked specifically about that reverend. No, he was not. It was never brought to his attention to give him an opportunity to deny it specifically. It was never brought to his attention. So he never had that chance to say that, and then they ask him in the September hearing, and he says he doesn't recall it. He had seen it. Now, it had been introduced into evidence earlier that night, so him testifying that he had seen it, he had at least seen it of that night, but there's no evidence in the record as to finding the fact of that commission was that he had seen it prior to the February 8th hearing in 2007. And there's no question that when he answered, he had no discipline since then. That answer would be true. That answer is true. Right. So it has to boil down to the question of, have you had any prior discipline in the past five years? He answered one. There have been two. There have been two. But what it boils down to, though, is what they were charging him with is knowingly making a false statement. And they said it in their opening of the hearing. They were charging him with perjury. And perjury is making a false statement, which at the time he believed not to be true. In order to find him guilty, they had to prove the elements of perjury, which they did not. His testimony at the second hearing was, I don't recall seeing this. I've seen it, but I don't recall it. In other words, if they had shown him the letter of reprimand at the original hearing, he would have had the opportunity to say, oh, yeah, I remember it. Now I forgot about that. I forgot about that. He never had that opportunity. That never came up at the original hearing. The only other discipline that was mentioned at the original hearing was they tried to get in that they had sought his dismissal earlier. And that was objected to because charges were dismissed. So since that 30-day suspension, there had been nothing and nothing. And that's what he testified to. They never brought in the prior letter of reprimand for him to have the opportunity to say, oh, yeah, I forgot about this. That testimony came after hearing. If you read their direct findings of fact and you read the transcripts and the portions of the transcripts they based those findings on, the facts at the hearing do not coincide with the facts as they say they are. They're not the same. And therefore, it's clearly evident that the opposite decision should have been reached. And therefore, the decision is against the manifest way of the evidence. And this court should overturn the decision of the Mayoral Commission. Thank you. Good morning, Your Honor, counsel, the police, the court. I'm Attorney Jonathan Sankers. I represent the city of Johnson City and the Johnson City Board of Fire and Commission, also known as the Mayoral Board. Counsel has presented two issues before the court today. First has to do with the due process and then whether Officer Kendrick was supported the proper due process. And then also the second is whether the decision of the mayoral board was against the manifest way of the evidence. The first issue is the due process. And that goes as to the notice or the charge in which Chief Kovner gave to Officer Kendrick prior to the September hearing. Counsel in his brief argues that the charge is insufficient, that the charge does not give him sufficient notice as to the offense that he is being charged with and that he would not be able to prepare a defense. The test on deciding whether this notice was insufficient is whether the notice was specific enough to enable Officer Kendrick to intelligently prepare a defense. Counsel in his brief lists two cases that stand for the proposition that the notice should have stated the rules, should have stated the general orders that Officer Kendrick is violating. But I have read those cases, and that's Breischa versus the city of Dalton and then Altman. And that's not what those cases stand for. It's not saying that you have to state the rule in which Officer Kendrick had violated, but rather are they sufficient enough to inform him enough information to prepare a defense. We look at this and the notice which was given to the states other than that we're seeking, first off, I'm seeking your dismissal of disciplinary action. With respect to conduct that is a violation of the standards of our office and is a substantial shortcoming which renders your contingency employment to be detrimental to the department. Then it says, specifically, down on February 8, 2007, at the merit court hearing, you being under oath testify falsely with respect that you had not been disciplined for conduct in the past. The court in Altman says, looked at it and said that what is important is is it sufficient to give time and place of the incident in which the employee is being charged with. And this notice clearly does. It states that on February 8, 2007, at the hearing, you gave false testimony regarding your past discipline. The courts look at that it's not the rule that is important as much as does it give sufficient information. We have faith in Officer Kendrick that he could intelligently prepare a defense. He knew that he had been informed that he had given false testimony. So we believe that due process has been given. He was adequately made aware of what the charges were against him and that he was able to prepare a defense when it met before the board in September of that year. So then it turns to, was the decision by the merit board supported by the evidence? It's counsel's burden to show today that the evidence, that the decision was against the manifest way to the evidence. As we know, it's the court, the merit board that is in the best position to look at the evidence, to hear testimony of counsel, of the witness, to judge his credibility. They're in the best position. If a witness in the position of Officer Kendrick was trying to deceive somebody, lie to them about this issue of prior discipline, why would he tell them about a 30-day suspension and then just leave out a written reprimand? Well, I think it goes to looking at, is he giving the whole totality of his offenses? And he left out, yes, he does tell of the law. And when they ask specifically, in the past five years, have you had any discipline problems? Broad scope. And that is my position. It wasn't just the letter of reprimand that he left out. He left out other problems, too. Do we have any record about that? Yes. Chief Kobler testifies, and it's an exhibit that's presented, I think Exhibit 405, of a misuse of overtime. Did the board cite to that in their decision? Not in their finding of evidence. It does not. But it is part of the record. It is something that they could have considered in the whole scheme. Without citing to it, how do we know whether or not they considered it? Well, a lot of times we don't know in the decision of a circuit court or whatever what all the evidence they are considering in finding their decision. They do cite in their findings of the one letter of reprimand. But that doesn't mean that was the only problem that they felt like Officer Kendrick or his demeanor of whether he was credible. Is he trying to keep something from them? Was he trying to keep something? He doesn't even tell about the suspensions that he had had. He doesn't really, he kind of minimizes his problems that he had had at the force. And counsel brings up about, well, they never presented him that letter of reprimand to talk about at the February 8th hearing. Well, that's the problem here is they were relying on Officer Kendrick to be truthful. If he had said, I had a letter of reprimand before, they could have said, okay, we can find that or ask Chief Kobler about it. Chief Kobler testifies that he was unaware of that reprimand because it predated him. And he was unaware of it. Also… Let me ask. I mean, this letter of reprimand was in some kind of a file. Wouldn't the merit board have had access to that anyway? Probably. I mean… Probably. Okay. But I think that probably brings to a… Let me ask another question with this. Sure. If I could, Mr. Sanders, I'm sorry. No problem. But it seems like there was something in the briefs about that letter of reprimand had later been pulled or something. Is that right? Well, that's what I was trying to say. Probably. The problem would have been is there appears under their collective bargaining agreement a letter of reprimand can be removed from the file after 30 days. As a matter of fact, counsel at the September hearing argues that that's probably… He doesn't even have to disclose that because it wasn't a part of his file anymore. He didn't need to disclose that. And that's why he didn't say anything. Well, he could have at least been confused about it if he knew under the collective bargaining agreement… But he doesn't say that. Well, I know. But he doesn't say that. And that's not the question that was presented to me. The question was had you ever had any disciplinary problems. In my opinion, I think it goes beyond just that letter of reprimand. It goes to his admonishment by Chief Kobler of misuse of overtime. Shoot, there's even other exhibits where a prior chief of police had said we've been having problems with Kenford. It's hard to tell whether there was any disciplinary action that was taken there, but that there was other problems. And then we know that there had been suspensions previously. And Officer Kendrick doesn't mention that. It's hard for us here, for this court sitting here today, and for me to sit here and present to you as to what the merit board was looking at and considering. But they are in the best position. They are receiving this information in September hearing. They're looking at Officer Kendrick of his testimony to determine whether he's being forthright in his testimony. As Judge Fulmer asked you, though, I mean, we know what they based their decision on because they put it in writing. And I'm having trouble with the idea of how we could affirm that decision on some other grounds when that's not the case. Well, I'm not asking to affirm it on other grounds. We have their findings of facts. They find that. I don't think that limits their ability for us to look at what else would they maybe have been considering or looking at. You know, they don't put in their findings of fact that he seemed to be a shifty character when he testified. I'm using that as an exaggeration. They don't put everything that they are considering when they make a determination. But they grasp on you granted. They state. We can see that there was this letter of reprimand more than one time. The court, a fellow court in Dalton, Dalton, I believe, I said it forth in my brief, says one cause, finding one cause is sufficient for a holding of discharge. As Judge Epus states in his well-written docket entry in order, is the section, article 8, section 8C of the regulations of the board says forth that the right to determine what justifies cause is in the board. The board rightly could have determined that a police officer lying under oath could be something which the law and sound public opinion recognizes as just cause for termination. That Judge Epus' decision was sound in his review of this matter. That this could be considered the police officer not being forthright at the hearing. Forthright in many aspects. But certainly this one aspect in the reprimand letter, not disclosing the reprimand, Judge Epus determined that that was not against the manifest way of the evidence, the determination. And I believe that Judge Epus' decision was sound. And that this court shall uphold his decision. We respectfully ask that this court affirms Judge Epus' affirmation of the merit board's discharge of Officer Kendrick. Thank you, counsel. Any rebuttal, counsel? Yes. I want to start out first with reference to Judge Epus' decision. The standard of review here is clear. You're reviewing the decision of the commission. You're not reviewing Judge Epus' decision. As far as the due process argument, one thing I would like to bring up is, yeah, the charge says that you testified falsely on this hearing. But what the charge doesn't say, which is interesting, and counsel just made me think about it, is the charge doesn't say you testified falsely because you didn't include prior discipline. You didn't include this. So the first time Officer Kendrick gets notice of what exactly he testified falsely about is actually the night of the hearing. Now, the cases Brea and Altman, I did want to mention, in both of those cases, as cited in my brief, it's clear from the decisions of both courts, the rules for which those commissions based their hearing on, even though they weren't provided prior to the commission, the rules were in evidence. They were not in evidence here, which is clearly where the due process violation comes in. The merit board looked at something that was outside of the evidence, which is against even their own rules. Now, as to the manifest way to the evidence, the letter of reprimand was not presented. Counsel here makes the argument that it's up to the board to request the letter of reprimand. Well, the city, in putting on its evidence that night on February 7th, never introduced a letter of reprimand. I believe your Honor is right that there would be a personnel file that's referenced in the contract and it's removed. The city would have access to this. Why not review that that night and see whether or not this is here? So you question Officer Kendrick that night. You testified that you've only had one and it's a 30-day suspension. What about this? This is in your personnel file. There's also evidence in the record. Maybe everybody forgot about it. Maybe. If everybody forgot about it, why does he get fired? Because he forgot. Exactly. That is exactly our point. There's also reference to the collective bargaining agreement that it should be removed. Maybe that's another reason Officer Kendrick forgot. This court cannot affirm the decision of the merit board on other grounds. It has to look at the findings of fact that were made by that board. This court has said, unless the findings of fact are so unrelated to the requirements of the service of trivial that it's not unreasonable or arbitrary, and that was in Flynn v. The Board of Fire and Police Commissioners of the City of Harrisburg in 1975, that court there, and also the Supreme Court has said it in Basketfield v. The City of Chicago, if the record doesn't disclose evidence supporting the commission's decision, you have to overturn it. Here, if you read the record, it's clear that the evidence doesn't support it. Again, the charge is testifying falsely. That assumes you have to know that you're testifying falsely and you have to believe it. Well, there's no evidence. Is that a factual question there? Yes, it's a factual question. The factual question is, did Officer Hendrick know, at the time he testified that he only had the one, that he had a letter of reprimand? Now, counsel made references to other suspensions. Those suspensions were all dismissed. Counsel made reference to a misuse of overtime letter, which I believe was put into evidence, and Chief Colwood was questioned on it. The letter was actually addressed to multiple officers and was asked, well, is that discipline if you address a letter to multiple officers? And I believe, in the record, Officer Chief Colwood said no. It all comes down to that letter of reprimand, which was never presented until the night of September 8th, which was never even referenced. And the city had the burden of proof at all of these hearings for the merit commission. And they had the burden of, if they, they shouldn't have put that in, and they didn't. And I believe you're right. It's possible everyone forgot it. If that's the case, how is it, then, that you could fire one officer for something he forgot and everyone else didn't? And is forgetting testifying falsehood? And the answer is no, it's not. Thank you, gentlemen, for your briefs and arguments. We'll take the matter under advisement and get back with you shortly.